UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------X
KAREN URBACH,

                Plaintiff,

     -against-

NCO FINANCIAL SYSTEMS, INC., and
GE CAPITAL RETAIL BANK,

               Defendant(s).
----------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff KAREN URBACH ("Plaintiff"), by and through her attorneys, the Law Office of Alan J. Sasson, P.C., as and for her Complaint against the Defendants NCO FINANCIAL SYSTEMS, INC., and GE CAPITAL RETAIL BANK hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violations of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New Jersey, residing at 51 Crine Road, Morganville, NJ 07751 and is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

3. Defendant NCO is a Pennsylvania corporation engaged in the business of collecting debts with a place of business located at 507 Prudential Road, Horsham, PA 19044.

4. Defendant GE CAPITAL RETAIL BANK is a Utah corporation, with a place of

business located at 501 US Highway 22, Bridgewater, New Jersey 08807.

5. The Defendants are both considered a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**ALLEGATIONS FOR CLASS ACTION**

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class") and within one year prior. Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection phone calls, notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of

effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18.     Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

19.     Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

20.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.     On information and belief, Defendants began collecting an alleged consumer debt from the Plaintiff.

23.     On information and belief, and better known to the Defendants, the Defendants began their collection efforts and campaign of communicating with the Plaintiff by mailing a letter to the Plaintiff.

24.     The Defendant's Letter is dated July 21, 2013 and purports to be sent from GE CAPITAL RETAIL BANK concerning Gap Visa Card account ending: 7957, and directs the

Plaintiff to contact NCO FINANCIAL SYSTEMS INC. at 1.877.278.5297 regarding Plaintiff's allegedly delinquent account.

25. The July 21 letter further informs the Plaintiff that NCO Financial Systems, Inc. is handling the Plaintiff's account.

26. The Defendant's Letter fails to include any of the required warnings under 15 USC §1692e(11) identifying themselves as a debt collector – and further violates 15 USC §1692e preface and e(10) by using a deceptive and misleading means in attempting to collect a debt.

27. Upon information and belief, the July 21 letter was sent directly from GE CAPITAL RETAIL BANK with permission from NCO FINANCIAL SYSTEMS INC. to use their name and contact information as GE CAPITAL's debt collector.

28. GE CAPITAL thereby became NCO FINANCIAL SYSTEMS INC.'s agent and was therefore acting as a debt collector under 15 USC §1692a(6) and becomes subject to the requirements of the FDCPA.

29. The Defendant NCO FINANCIAL SYSTEMS INC., by allowing GE CAPITAL to use its name and contact information directing the consumer to contact NCO FINANCIAL SYSTEMS INC., thereby granted tacit approval to GE CAPITAL's collection letters and to GE CAPITAL acting as its agent, and accordingly failed to ensure that the July 21 Letter contained the proper disclosures as required under the FDCPA-specifically 15 USC §1692e(11) and therefore violated 15 USC §1692e(11).

30. In the alternative if GE CAPITAL has not been authorized by NCO FINANCIAL SYSTEMS INC., to use their contact information, then GE CAPITAL has violated 15 USC §1692e – preface and e(10) by using a deceptive, false and misleading means in connection with collection of a debt, as well as violating 15 USC §1692f –preface by use and unfair and unconscionable means in

connection with the collection of a debt.

31.  In the alternative if the letter has originated with NCO FINANCIAL SYSTEMS INC., then NCO FINANCIAL SYSTEMS INC., has violated 15 USC §1692e –preface and e(10), 15 USC §1692f –preface and 15 USC §1692e(11).

32.  Further, at the time the Letter was sent by the Defendants to the Plaintiff the Defendant NCO Financial Inc., had already been attempting to collect the alleged debt for some time prior.

33.  The Defendant's Letter is an unfair and unconscionable attempt, as well as deceptive and misleading attempt, to circumvent the requirements of the FDCPA by sending a collection letter without the required disclosures.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

34.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35.  Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e-preface, 15 USC §1692e10, and 15 USC §1692e(11).

36.  As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

37.  Plaintiff KAREN URBACH AND THE CLASS hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff KAREN URBACH AND THE CLASS demands judgment from the Defendants NCO FINANCIAL SYSTEMS, INC., and GE CAPITAL RETAIL BANK as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    G.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: Brooklyn, New York
       August 12, 2013

                              Respectfully submitted,

                              By: /s/ Yitzchak Zelman
                              Yitzchak Zelman, Esq. (YZ5857)
                              LAW OFFICE OF ALAN J. SASSON, P.C.
                              1669 East 12 Street, 2nd Floor
                              Brooklyn, New York 11229
                              Phone:   (718) 339-0856
                              Facsimile: (347) 244-7178

                              *Attorney for the Plaintiff KAREN URBACH*

To: NCO Financial Systems, Inc.
     507 Prudential Road
     Horsham, PA 19044

     GE Capital Retail Bank
     501 US Highway 22,
     Bridgewater, New Jersey 08807